AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

GE SEACO SRL

V.

SHANDONG PROVICE YANTAI
INTERNATIONAL MARINE SHIPPING
COMPANY

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 6850

TO: (Name and address of Defendant)

SHANDONG PROVINCE YANTAI INTERNATIONAL MARINE SHIPPING
CO., No. 2 Huanhai Road, Yantai, Shandong, People's Republic of China

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
(212) 385-1422

an answer to the complaint which is served on you with this summons, within ___twenty (20)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON          JUL 31 2008

CLERK                       DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

GE SEACO SRL,

               Plaintiff,

    -against-                  VERIFIED COMPLAINT

SHANDONG PROVINCE YANTAI INTERNATIONAL
MARINE SHIPPING COMPANY,

               Defendant.
----------------------------------------X

    PLEASE TAKE NOTICE that Plaintiff, GE SEACO SRL, ("GE SEACO"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant, SHANDONG PROVINCE YANTAI INTERNATIONAL MARINE SHIPPING COMPANY ("SYMS") alleges, upon information and belief, as follows:

    1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

    2. Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

    3. Defendant SYMS is a business entity organized and existing pursuant to the laws of a foreign country, with a principal place of business located at No. 2 Huanhai Road, Yantai, Shandong, 264000, People's Republic of China.

    4. Plaintiff, as lessor, and Defendant, as lessee, entered into a series of agreements, for the lease of a large quantity of

containers for the purpose of oceangoing trade.

5. Under the terms of the lease agreements Defendant was required to provide rental payments to Plaintiff for the use said containers at times determined by the agreements.

6. Defendant breached the lease agreements by unlawfully and in contravention of the terms of the agreement, failing to provide the rental payments for the use of the said containers within the time permitted under the lease agreement.

7. As a result of Defendant's refusal to provide rental payments, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the lease agreements between the parties and at law.

8. As per the terms of the lease agreements, Plaintiff provided Defendant with a Notice of Default and Termination of the agreement between the parties.

9. Under the terms of the lease agreements Defendant was required to return all leased containers upon receipt of Plaintiff's Notice of Default and Termination.

10. Defendant breached the lease agreements by unlawfully and in contravention of the terms of the agreement, failing to return Plaintiff's containers.

11. As a result of Defendant's failure to return Plaintiff's containers, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the lease agreements between the parties and at law.

12. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreements.

13. Despite Plaintiff's demand, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreements.

14. Pursuant to the lease agreements, disputes are to be settled under English Law by the Courts of England, and Plaintiff has commenced or will shortly commence suit with Defendant, accordingly.

15. Under English Law, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

16. As a result of Defendant's breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

| | |
|---|---|
| Principal Claim | $5,954,325.51 |
| Interest (for a period of 3 yrs at 6.5%) | 1,238,199.76 |
| Attorneys' and Expert's Fees, costs, etc. | 500,000.00 |
| **Total** | **$7,692,525.27** |

17. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

18. All conditions precedent required of Plaintiff in the aforesaid agreements have been performed.

19. Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject

to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Bank of China and/or UBS, which are believed to be due and owing to Plaintiff.

20. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Bank of China, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$7,692,525.27** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D.   That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:   New York, NY
         July 31, 2008

>                             Respectfully submitted,
>
>                             MAHONEY & KEANE, LLP
>                             Attorneys for Plaintiff
>                             **GE SEACO SRL**
>
>                      By:    *[signature]*
>                             Edward A. Keane (EK 1398)
>                             11 Hanover Square, Tenth Floor
>                             New York, New York 10005
>                             Tel. (212) 385-1422
>                             Fax. (212) 385-1605
>                             File No. 12/3628/B/08/7

ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

1. My name is EDWARD A. KEANE.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Petitioners, GE SEACO SRL, and I am fully authorized to make this Verification on their behalf.

4. I have read the foregoing Petition and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Petitioners is that the Petitioners are corporations none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Petitioners and their counsel, all of which I believe to be true and accurate.

Dated:   New York, New York
         July 31, 2008

                                   _____
                                   EDWARD A. KEANE (EK 1398)