AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

GE SEACO SRL

V.

SHANDONG PROVINCE YANTAI
INTERNATIONAL MARINE SHIPPING
COMPANY, ET AL.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08-cv-6850 (WHP)

TO: (Name and address of Defendant)

SHANDONG PROVINCE YANTAI INTERNATIONAL MARINE SHIPPING
CO., No. 2 Huanhai Road, Yantai, Shandong, People's Republic of China

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
(212) 385-1422

an answer to the complaint which is served on you with this summons, within ___twenty (20)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

AUG 0 8 2008

CLERK                                                         DATE

(BY) DEPUTY CLERK

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

GE SEACO SRL,                                        08-CV-6850 (WHP)

                 Plaintiff,

        -against-                                    FIRST AMENDED
                                                     VERIFIED COMPLAINT
SHANDONG PROVINCE YANTAI INTERNATIONAL
MARINE SHIPPING COMPANY; GRAND NEW
CHINA SHIPPING (YANTAI) SHIPPING
COMPANY and DA XIN HUA LOGISTICS YANTAI
MARINE SHIPPING COMPANY,

                 Defendants.
------------------------------------X
```

PLEASE TAKE NOTICE that Plaintiff, GE SEACO SRL, ("GE SEACO"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants SHANDONG PROVINCE YANTAI INTERNATIONAL MARINE SHIPPING COMPANY ("SYMS"), GRAND NEW CHINA SHIPPING (YANTAI) SHIPPING COMPANY ("GNC") and DA XIN HUA LOGISTICS YANTAI MARINE SHIPPING COMPANY ("DXH"), alleges, upon information and belief, as follows:

1.  This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

2.  Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

3.  Defendant SYMS is a business entity organized and existing pursuant to the laws of a foreign country, with a

principal place of business located at No. 2 Huanhai Road, Yantai, Shandong, 264000, People's Republic of China.

4. Defendant GNC is a business entity organized and existing pursuant to the laws of a foreign country.

5. Defendant DXH is a business entity organized and existing pursuant to the laws of a foreign country.

6. Upon information and belief, GNC and DXH are wholly or partly owned subsidiaries of SYMS, or vice versa.

7. Upon information and belief, SYMS uses GNC and DXH as conduits to pay its debts and obligations and is otherwise an alter ego of GNC and DXH, or vice versa.

8. Upon information and belief, GNC and DXH are shell corporations through which SYMS conducts business, and vice versa.

9. Upon information and belief, GNC and DXH have no separate, independent identity from SYMS, and vice versa.

10. Upon information and belief, GNC and DXH are alter-egos of SYMS, because SYMS dominates and disregards the corporate form of GNC and DXH to the extent that SYMS is actually carrying on the business and operations of GNC and DXH, as if they were its own, or vice versa.

11. Upon information and belief, GNC and DXH act as paying agents, or receiving agents, or arrange for other non-parties to satisfy the debts and obligations of SYMS and/or receive payments being made to SYMS, or vice versa.

12. Upon information and belief, GNC and DXH have and continue to receive funds on behalf of SYMS, or vice versa.

13. Upon information and belief, SYMS has transferred and

will continue to transfer assets to GNC and/or DXH for the purpose of avoiding creditors, including Plaintiffs herein.

14. Upon information and belief, SYMS has and will continue to transfer assets to GNC and DXH for the purpose of defrauding SYMS's creditors, including Plaintiff herein.

15. Upon information and belief, on or about July 10, 2008, SYMS, through its agents, owners, officers and/or shareholders created GNC and DXH for the purpose of fraudulently conveying SYMS assets, and thus placing such assets out of reach of SYMS creditors, including Plaintiff herein.

16. Upon information and belief, on or about July 31, 2008, Defendant SYMS wrongfully and fraudulently transferred five out of its seven vessels to Defendants GNC and/or DXH.

17. Upon information and belief, consequent to the referenced fraudulent transfers, the court in China enjoined SYMS from further transferring any of its vessels to Defendants GNC and/or DXH.

18. Upon information and belief, GNC and DXH are successors-in-interest to SYMS and/or otherwise responsible for any and all debts incurred by SYMS, including any such debts owed to Plaintiff herein.

19. Plaintiff, as lessor, and Defendants, as lessees, entered into a series of agreements, for the lease of a large quantity of containers for the purpose of oceangoing trade.

20. Under the terms of the lease agreements Defendants were required to provide rental payments to Plaintiff for the use said containers at times determined by the agreements.

21. Defendants breached the lease agreements by unlawfully and in contravention of the terms of the agreement, failing to provide the rental payments for the use of the said containers within the time permitted under the lease agreement.

22. As a result of Defendants' refusal to provide rental payments, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the lease agreements between the parties and at law.

23. As per the terms of the lease agreements, Plaintiff provided Defendants with a Notice of Default and Termination of the agreement between the parties.

24. Under the terms of the lease agreements Defendants were required to return all leased containers upon receipt of Plaintiff's Notice of Default and Termination.

25. Defendants breached the lease agreements by unlawfully and in contravention of the terms of the agreement, failing to return Plaintiff's containers.

26. As a result of Defendants' failure to return Plaintiff's containers, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the lease agreements between the parties and at law.

27. Plaintiff has placed Defendants on notice of its claim that Defendants have breached the referenced agreements.

28. Despite Plaintiff's demand, Defendants have failed to pay the amounts due and owing to Plaintiff under the agreements.

29. Pursuant to the lease agreements, disputes are to be settled under English Law by the Courts of England, and Plaintiff

has commenced or will shortly commence suit with Defendants, accordingly.

30. Under English Law, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

31. As a result of Defendants' breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

| | |
|---|---|
| Principal Claim | $5,954,325.51 |
| Interest (for a period of 3 yrs at 6.5%) | 1,238,199.76 |
| Attorneys' and Expert's Fees, costs, etc. | 500,000.00 |
| **Total** | **$7,692,525.27** |

32. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

33. All conditions precedent required of Plaintiff in the aforesaid agreements have been performed.

34. Defendants cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN

AMRO Bank N.V., American Express Bank Ltd., Bank of China and/or UBS, which are believed to be due and owing to Plaintiff.

35. For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in their own name or as may be held, received or transferred for their benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules

- 7 -

of Civil Procedure Supplemental Rules for Certain Admiralty, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Bank of China, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$7,692,525.27** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

      C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D. That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:   New York, NY
         August 8, 2008

                              Respectfully submitted,

                              MAHONEY & KEANE, LLP
                              Attorneys for Plaintiff
                              **GE SEACO SRL**

By: _____
    Edward A. Keane (EK 1398)
    11 Hanover Square, Tenth Floor
    New York, New York 10005
    Tel. (212) 385-1422
    Fax. (212) 385-1605
    File No. 12/3628/B/08/7

ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

    1. My name is EDWARD A. KEANE.

    2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

    3. I am the attorney for Plaintiff, GE SEACO SRL, and I am fully authorized to make this Verification on their behalf.

    4. I have read the foregoing First Amended Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

    5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

    6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:   New York, New York
          August 8, 2008

_____
EDWARD A. KEANE (EK 1398)